By the Court.
This action was brought on an order or
check on the State Bank at Elizabeth Town, as follows :
“Elizabeth Town, May 27, 1837.
Cashier of the State Bank at Elizabeth, three months after date pay Charles Dole or bearer thirteen dollars and thirty-nine cents, for the New Jersey Flax and Hemp Company.”
Signed, “E. CORIELL, Agent.”
Now in the first place, there is no averment or allegation in the state of demand, that E. Coriell, was the agent of the New Jersey Flax and Hemp Company, or that he had any authority to draw checks or bills of exchange for that Company.
2dly. There was no evidence before the Justice, of the signature or handwriting of Coriell, to the check. Only one witness was sworn, and he only testified to the dishonor of the draft, at the Bank.
3dly. The check was payable to Charles Dole or bearer, and this suit was brought by Ballentine, without any averment or allegation’ that it had been transferred to him by Dole, or that he was the owner or bearer of the check.
4th. It was drawn for or on account of “ The New Jersey Flax and Hemp Company,” but the suit is against “ The Flax and Hemp Manufacturing Company,” without any averment or proof that “ The New Jersey Flax and Hemp Company ” were the same Company incorporated, or known by the name of “ The Flax and Hemp Manufacturing Company.”
5th. The summons was not legally served. If the Flax and Hemp Manufacturing Company, are not an- incorporated Company, then they cannot be sued by such name: and if they are incorporated, then the summons ought to have been served, on *455 the President, Cashier or Clerk of the Company, if either of them could be found ; and if not found, then on one of the directors or Managers of the Corporation. {Rev. Laws, 773, Sect. 5.) Instead of this, the constable returned that he had served the summons “ by reading it to, and leaving a copy with Thomas Smith the foreman, no president or directors found.” Such a return did not authorize the Justice to proceed in the absence of the defendants. For all these reasons, the judgment must be reversed.

Judgment reversed.